Ella Wees HIGGENBOTHAM,
Plaintiff–Appellee

v.

Sandra CONNATSER, Director of Galveston Brazoria Cooperative for the Hearing Impaired (GBCHI); Cassandra Sutton, Director of Human Resources–Support Services; Dr. Dave O'Neill, Assistant Superintendent of Human Resources, Defendants–Appellants.

No. 10–40638.

United States Court of Appeals,
Fifth Circuit.

April 4, 2011.

Jimmie Lee Joseph Brown, Jr., Houston, TX, for Plaintiff–Appellee.

Paul A. Lamp, Jonathan Griffin Brush, Rogers, Morris & Grover, L.L.P., Houston, TX, for Defendants–Appellants.

Before JONES, Chief Judge, and BENAVIDES, Circuit Judge, and AYCOCK, District Judge.[*]

PER CURIAM:[**]

This case arises from an alleged deprivation of due process in connection with the termination of a public employee. Because Appellee's complaint contains no allegations that the named defendants committed constitutional violations against her, we REVERSE the district court's denial of the motion to dismiss.

Appellee Higgenbotham worked as a sign language interpreter with the Clear Creek Independent School District ("CCISD") and the Galveston Brazoria Cooperative for the Hearing Impaired ("the Coop"). Her employment ended following an incident on March 11, 2009, in which she allegedly pulled on a student's blouse, exposing part of the student's breast. On that afternoon, Appellant Sandra Connatser, the Director of the Coop, asked Higgenbotham to explain the earlier events. Higgenbotham obliged, telling Connatser and the Coop's assistant principal about her contact with the student. Following Higgenbotham's verbal explanation, Connatser asked her to write down her version of the events. Later that day, a person from the CCISD human resources department instructed Higgenbotham that she would be suspended pending an investigation of the allegations against her. Connatser then invited Higgenbotham to amend her written statement, an opportunity Higgenbotham accepted. CCISD's investigation concluded with Higgenbotham's termination several weeks later.

In her complaint, Higgenbotham states that "it is believed that the alleged event has been reported to the offender database and Plaintiff has been unable to locate and/or secure employment in her chosen profession as an interpreter in public schools." The complaint does not identify "the database" in question or name the person responsible for disclosing the allegations against her.

Following an internal review process within the CCISD, Higgenbotham brought suit in federal court alleging that the Defendants–Appellants deprived her of due process by refusing to conduct a hearing at which she could clear her name. Appellants moved to dismiss her amended complaint, asserting that it failed to state a constitutional claim, which in turn entitled them to qualified immunity. *See Pearson v. Callahan,* 555 U.S. 223, 129 S.Ct. 808, 816, 172 L.Ed.2d 565 (2009) (denying qualified immunity when the plaintiff alleges violation of a constitutional right and such violation was objectively unreasonable under clearly established law at the time). The district court denied their motion.

---

[*] District Judge of the Northern District of Mississippi, sitting by designation.

[**] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

468

Although the denial of a Fed. R. Civ. Proc. 12(b)(6) motion to dismiss is not normally an appealable decision, the Supreme Court has held "that a district court's order rejecting qualified immunity at the motion-to-dismiss stage of a proceeding is a 'final decision' within the meaning of [28 U.S.C.] § 1291." *Ashcroft v. Iqbal* —— U.S. ——, 129 S.Ct. 1937, 1946, 173 L.Ed.2d 868 (2009) (internal quotation omitted). This court therefore has appellate jurisdiction in the present case.

"We review *de novo* motions to dismiss and motions for judgment on the pleadings." *Jebaco, Inc. v. Harrah's Operating Co., Inc.,* 587 F.3d 314, 318 (5th Cir.2009). In considering a motion to dismiss under Rule 12(b)(6), courts may consider "the contents of the pleadings, including attachments thereto." *Collins v. Morgan Stanley Dean Witter,* 224 F.3d 496, 498 (5th Cir.2000). A federal court must grant the motion to dismiss if, viewing the alleged facts in the light most favorable to the non-moving party, the complaint fails "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). To be sufficient, a complaint must include "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* —— U.S. ——, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). A "formulaic recitation of the elements of a cause of action" or "facts [that] do not permit the court to infer more than the mere possibility of misconduct" fail to satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. *Id.* at 1949, 1950.

When it denied Appellants' motion to dismiss for failure to state a claim, the court concluded that Higgenbotham pled sufficient facts to justify discovery concerning her allegation that Appellants deprived her of a liberty interest without due process of law.[1] We disagree.

The Constitution's due process clause affords a right to notice and a hearing following the termination of government employment. *Bd. of Regents v. Roth,* 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972). According to the Supreme Court, "where a person's good name, reputation, honor, or integrity is at stake because of what the government is doing to him, notice and an opportunity to be heard are essential." *Id.* at 573, 92 S.Ct. 2701. The sole fact that the employee was fired, however, will not suffice to implicate a liberty interest. The employee's reputation must have been unfairly impugned as well. A constitutional violation exists only where a plaintiff can show:

> (1) that she was discharged; (2) that stigmatizing charges were made against her in connection with the discharge; (3) that the charges were false; (4) that she was not provided notice or an opportunity to be heard prior to her discharge; (5) that the charges were made public; (6) that she requested a hearing to clear her name; and (7) that the employer refused her request for a hearing.

*Hughes v. City of Garland,* 204 F.3d 223, 226 (5th Cir.2000). A plaintiff must allege facts to support each of these elements in order to state a claim.

---

1. Additionally, Appellants Connatser, O'Neill and Sutton sought to dismiss the complaint on qualified immunity grounds. Our conclusion that the complaint failed to state a claim under Rule 12(b)(6) resolves the question of qualified immunity as well: "If the plaintiff fails to state a constitutional claim ..., then the government official is entitled to qualified immunity." *Hampton v. Oktibbeha Cnty. Sheriff Dep't,* 480 F.3d 358, 363 (5th Cir. 2007).

 Higgenbotham's complaint fails to assert facts that would support several elements listed in *Hughes*. First, the only direct statement regarding publication in Higgenbotham's complaint is devoid of facts: "Since Plaintiff's discharge it is believed that the alleged event has been reported to the offender database and Plaintiff has been unable to locate and/or secure employment in her chosen profession as an interpreter in public schools." This assertion fails to specify who reported the incident and which "offender database" now contains a record of it. In particular, the complaint does not allege that any of the individual Defendants–Appellants had any connection with the alleged publication.

Furthermore, Appellee cannot rest on the assumption that CCISD reported her conduct to a publicly available database on the theory that Texas law requires the disclosure of incidents involving sexual misconduct toward a minor.[2] CCISD never indicated that it terminated Higgenbotham for sexual impropriety. The letter informing Higgenbotham of her termination stated only that "your conduct was inappropriate toward a student...." This statement does not raise a presumption that any of the Appellants reported the details of Higgenbotham's termination in a publicly available database. Thus, the complaint has no factual assertions to convince a court that Higgenbotham's claim might succeed.

In addition to the complaint's inadequate treatment of publication, other elements of the claim are unsupported by facts. In particular, concerning the linked requirements that a plaintiff request an opportunity to clear her name and that her employer deny such a request, Higgenbotham's complaint asserts only that "her respective employers have refused her request for a meaningful hearing to clear her name." Higgenbotham fails to assert a connection between the denial of a name-clearing hearing and the particular defendants in this case. Moreover, she does not identify the request for a hearing or its denial. The allegations in the complaint point toward the opposite conclusion—that Higgenbotham was able to present her side of the story both verbally before the assistant principal and in writing. These facts cast doubt on the fourth element listed in *Hughes*. Additional facts would be necessary to establish that Higgenbotham did not have an opportunity to be heard and that Appellants refused such a hearing when requested. On several elements, therefore, the complaint resembles a "formulaic recitation" of elements rather than the fact-based pleading envisioned in *Twombly* and *Iqbal*.

Finding that Appellee failed to plead the factual assertions necessary to "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Ashcroft*, 129 S.Ct. at 1949, we must REVERSE and RENDER the district court's denial of Appellants' motion to dismiss.

**REVERSED AND RENDERED.**

---

2. The complaint refers to "requirements for disclosure to various state agencies." Argument before this court clarified that Higgenbotham was referring to mandatory reporting for acts of sexual misconduct. The letter announcing CCISD's decision to terminate Higgenbotham's employment made no reference to criminal violations. The letter was among the documents submitted in support of the complaint.